

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00169-CV

## IN THE INTEREST OF L.D.W., A CHILD

**From the County Court at Law**
**Bosque County, Texas**
**Trial Court No. CV17164**

## MEMORANDUM OPINION

Heather S. appeals from a judgment that terminated the parent-child relationship between her and her daughter, L.D.W. In six issues, Heather complains that the evidence was legally and factually insufficient for the trial court to have found that she (1) voluntarily left the child alone or in the possession of another without providing adequate support for the child and remained away for a period of at least six (6) months pursuant to Section 161.001(b)(1)(C) of the Family Code; (2) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child pursuant to Section 161.001(b)(1)(D); (3) constructively abandoned the child pursuant to Section 161.001(b)(1)(N); (4) used a

controlled substance in a manner that endangered the health or safety of the child pursuant to Section 161.001(b)(1)(P); (5) knowingly engaged in criminal conduct that has resulted in her conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of the filing of the petition pursuant to Section 161.001(b)(1)(Q); and (6) that termination was in the best interest of the child. Because we find no reversible error, we affirm the judgment of the trial court.

STANDARD OF REVIEW—LEGAL AND FACTUAL SUFFICIENCY

The standards of review for legal and factual sufficiency in termination cases are well-established. *In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency). In reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the finding to determine whether a trier of fact could reasonably have formed a firm belief or conviction about the truth of the Department's allegations. *In re J.L.*, 163 S.W.3d 79, 84-85 (Tex. 2005); *J.F.C.*, 96 S.W.3d at 265-66. We do not, however, disregard undisputed evidence that does not support the finding. *J.F.C.*, 96 S.W.3d at 266. In reviewing the factual sufficiency of the evidence, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *In re C.H.*, 89 S.W.3d at 25. We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id.* If the disputed evidence is so

significant that a factfinder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id*.

In assessing the sufficiency of the evidence under the foregoing standards, we cannot weigh witness-credibility issues that depend on the appearance and demeanor of the witnesses, for that is the factfinder's exclusive province. *In re J.P.B.*, 180 S.W.3d at 573-74. Instead, we defer to the factfinder's credibility determinations as long as they are not unreasonable. *Id*.

## SECTION 161.001(b)(1)(D)

In her second issue, Heather contends that the evidence is legally and factually insufficient to support the termination of her parental rights pursuant to Section 161.001(b)(1)(D) of the Family Code, which authorizes the termination of parental rights when a parent "knowingly placed or knowingly allowed a child to remain in conditions or surroundings that endangered the child's physical or emotional well-being." TEX. FAM. CODE ANN. § 161.001(b)(1)(D).

A child is endangered when the environment creates a potential for danger that the parent is aware of but disregards. *In re S.M.L.*, 171 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2005, no pet.). In reviewing the sufficiency of the evidence pursuant to Section 161.001(b)(1)(D), "we must examine the time before the [child]'s removal to determine whether the environment [of the home] posed a danger to the child's physical or emotional well-being." *In re L.C.*, 145 S.W.3d 790, 795 (Tex. App.—Texarkana 2004, no

pet.). Subsection (D) permits termination of parental rights based on a single act or omission by the parent. *In re A.B.*, 125 S.W.3d 769, 776 (Tex. App.—Texarkana 2003, pet. denied). Additionally, "illegal drug use by a parent likewise supports the conclusion that the children's surroundings endanger their physical or emotional well-being." *In re L.E.S.*, 471 S.W.3d 915, 925 (Tex. App.—Texarkana 2005, no pet.) (*citing In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.).

Heather left L.D.W. in the possession of L.D.W.'s father, David, who Heather knew had a history of methamphetamine use, although Heather claimed to not know that he was using at the time she left L.D.W. David had taken L.D.W. to the residence of another known drug user although Heather claimed that she did not know he would take the child there. The caseworker testified that David initially made a referral against Heather due to concerns about Heather's drug usage but would not take a drug test himself when requested by the Department. It was determined that both David and Heather were drug users which led to the placement of L.D.W. with David's sister and brother-in-law. The caseworker testified that both Heather and David had an extensive history with the Department.

Heather had been convicted for possession of a controlled substance in a correctional facility and escape and was incarcerated throughout the case. Heather admitted to being a drug user since the age of 15, and had voluntarily relinquished her

parental rights to her three other children due to drug use after the Department had removed them from her.

In our evidentiary review of this issue, we have found no evidentiary disputes which could not reasonably be resolved in favor of termination by a reasonable factfinder. We also find no factfinder determinations based on credibility of witnesses that we conclude were unreasonable. As to this issue, we conclude a reasonable factfinder could have found the evidence clear and convincing in support of termination. In light of the entire record of the termination hearing, we conclude the evidence allowed the factfinder reasonably to form a firm belief or conviction supporting each element of proof supporting termination of Heather's parental rights pursuant to Section 161.001(b)(1)(D). We find that the evidence was legally and factually sufficient for the trial court to have found that by leaving L.D.W. with David, a known drug user, Heather knew of a risk but disregarded it and by doing so, "knowingly placed or knowingly allowed a child to remain in conditions or surroundings that endangered the child's physical or emotional well-being." We overrule issue two. Because the evidence as to only one predicate ground must be sufficient to support the judgment, we do not need to address issues one, three, four, or five. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

**BEST INTEREST**

In her sixth issue, Heather complains that the evidence was legally and factually insufficient for the trial court to have found that termination of the parent-child

relationship was in the best interest of L.D.W. There is a strong presumption that keeping a child with a parent is in the child's best interest. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). Nonexclusive factors that the trier of fact in a termination case may also use in determining the best interest of the child include the following: (A) the desires of the child; (B) the emotional and physical needs of the child now and in the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental abilities of the individuals seeking custody; (E) the programs available to assist these individuals to promote the best interest of the child; (F) the plans for the child by these individuals or by the agency seeking custody; (G) the stability of the home or proposed placement; (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). These factors are not exhaustive, and some listed factors may be inapplicable to some cases. *C.H.*, 89 S.W.3d at 27. Furthermore, undisputed evidence of just one factor may be sufficient in a particular case to support a finding that termination is in the best interest of the child. *Id*. On the other hand, the presence of scant evidence relevant to each factor will not support such a finding. *Id*.

L.D.W. was in a placement with David's sister and brother-in-law, which was described as "a loving home." It was the plan for L.D.W. to remain there, where she was very happy and well cared for, according to the CASA worker who recommended

termination as being in L.D.W.'s best interest. L.D.W. was approximately seventeen months old at the time of the final hearing. The caseworker testified that she had no concerns about L.D.W. in her current placement and that she was doing exceptionally well and was very happy. L.D.W. had not seen her mother in the year the case was pending. When a child is too young to express her desires, the factfinder may consider that the child is well cared for in her current placement and has spent minimal time with a parent. *In re L.G.R.*, 498 S.W.3d 195, 205 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Prior to Heather's decision to leave L.D.W. with David, who she knew was a drug user, Heather had been living with a man who she planned to marry upon her release from incarceration. The man testified that he wasn't sure but "had my assumptions" that Heather had been using methamphetamine prior to her arrest. Heather tested positive for methamphetamine when she was arrested and admitted to having used drugs since the age of 15. Heather had voluntarily relinquished her parental rights to her other three children who had been removed from her due to her drug use. A parent's drug use supports a finding that termination of parental rights is in the best interest of the child, and the factfinder can afford great weight to the significant factor of drug-related conduct. *See In re L.G.R.*, 498 S.W.3d at 204.

Heather was incarcerated at the time of trial and at the earliest, would be released approximately five or six months after the final hearing. She had sent cards and a gift

but no other financial support to L.D.W. Heather wanted L.D.W. to be placed with her mother where her other three children had been placed, but the Department had not considered her mother for placement because L.D.W. had already been placed with a relative.

Based on our review of the record in conjunction with the *Holley* factors listed above, we find that the evidence was both legally and factually sufficient for the trial court to have found that termination of the parent-child relationship was in the best interest of L.D.W. We overrule issue six.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 29, 2018
[CV06]

